## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

SUZANNE SULLIVAN, Regional Director of Region
22 of the NATIONAL LABOR RELATIONS BOARD,
for and on behalf of the NATIONAL LABOR
RELATIONS BOARD,

                       Petitioner

               v.

                                    Civil No.

IBN CONSTRUCTION CORP.,

                    Respondent

## PETITIONER'S MOTION TO TRY PETITION FOR TEMPORARY INJUNCTION ON THE BASIS OF THE PARTIAL RECORD DEVELOPED BEFORE THE NATIONAL LABOR RELATIONS BOARD'S ADMINISTRATIVE LAW JUDGE AS WELL AS AFFIDAVITS COMPLETED AS PART OF THE PETITIONER'S ADMINISTRATIVE INVESTIGATION

This proceeding is before the Court on a Petition filed by the Regional

Director of Region 22 of the National Labor Relations Board, herein called the

Board, pursuant to Section 10(j) of the National Labor Relations Act, as amended

(61 Stat. 149, 73 Stat. 544, 20 U.S.C. § 160(j), herein called the Act, for a

temporary injunction pending the final disposition of the matters involved herein

pending before the Board based on a Complaint and Notice of Hearing (the

"Complaint") in Board Case 22-CA-277455. The Complaint alleges that IBN

Construction Corp., herein called Respondent, has engaged in, and is engaging in, unfair labor practices within the meaning of Sections 8(a)(1) and (3) of the Act. 29 U.S.C. § 158 (a)(1) and (3).

A hearing based on the Complaint is in progress before Administrative Law Judge (ALJ) Kenneth W. Chu.  The hearing began on August 1, 2022, continued for three days, and is scheduled to resume on September 26, 2022. Here, the Petitioner moves the court to try the issues in this matter on the basis of the underlying administrative hearing record already developed before the ALJ, as well as investigative affidavits, rather than holding an evidentiary hearing. The hearing testimony has been under oath, witnesses have been subject to cross examination, and all exhibits were subject to voir dire when deemed appropriate. A full and complete transcript of the first three days of the proceedings has been available to the parties. Thus, trying this case on the underlying hearing transcripts and exhibits can both expedite the instant proceeding and conserve the resources of the court and the parties.  Because the Petitioner has not concluded its case-in-chief at the administrative hearing, Petitioner moves the court to allow Petitioner to supplement its reasonable cause evidence with sworn affidavits completed during Petitioner's administrative investigation of the above-referenced unfair labor practice charge.

Most Section 10(j) proceedings arise before the commencement of the administrative hearing.  Accordingly, there is no alternative but to use affidavits. Here, however, there is a better option because the unfair labor practice proceeding has commenced and there is an available record.  Moreover, it would make little sense to ignore the available hearing record as if it did not exist, or attempt to resolve this proceeding solely on the basis of sworn affidavits.

In this regard, as set forth more fully in Petitioner's Memorandum of Points and Authorities in Support of Petition for Temporary Injunction Under Section 10(j) of the National Labor Relations Act, Section 10(j) of the Act authorizes United States District Courts to grant temporary injunctions pending the Board's resolution of unfair labor practice proceedings. The provision reflects Congressional recognition that, because the Board's administrative proceedings are often protracted, in many instances, absent interim relief, a respondent can accomplish its unlawful objective before being placed under any legal restraint, and thereby render a final Board order ineffectual. *Chester v. Grane Healthcare Co.*, 666 F.3d 87, 92, 96 (3d Cir. 2011); *Kobell v. Suburban Lines, Inc.*, 731 F.2d 1076, 1091 n.25 (3d Cir. 1994) (*citing* S. Rep. No. 105 80th Cong, 1st Sess, at 8, 27 (1947), *reprinted at I* Legislative History of the Labor Management Relations Act of 1947, 414, 433 (Government Printing Office 1985)). Thus, Section 10(j)

was intended to prevent the potential frustration or nullification of the Board's remedial authority caused by the passage of time inherent in Board administrative litigation.

To resolve a 10(j) petition, a district court in the Third Circuit considers only two issues: (1) whether there is "reasonable cause" to believe that unfair labor practices have been committed, and (2) whether an injunction is "just and proper". See e.g., *Grane Healthcare Co.*, 666 F.3d at 100; *Hirsch v. Dorsey Trailers, Inc.*, 147 F.3d 243, 247 (3d Cir. 1998); *Pascarell v. Vibra Screw Inc.*, 904 F.2d 874 (3d Cir. 1990); *Suburban Lines, Inc.*, 731 F.2d at 1078.

In light of this statutory scheme, it is well settled that district courts in proceedings under Section 10(j) may not determine the merits of the unfair labor practice charges, but should only evaluate the evidence to determine whether the Regional Director has "reasonable cause" to believe that the respondent has violated the Act. See *Suburban Lines, Inc.*, 731 F.2d at 1084. See also *Grane Healthcare*, 666 F.3d at 100 ("it is not [the court's] role to adjudicate the merits of the underlying claim"); *Eisenberg v. Wellington Hall Nursing Home, Inc.*, 651 F.2d 902, 906 (3d Cir. 1981). A District Court would commit reversible error if it went beyond this limited inquiry and made findings on the ultimate merits of the unfair labor practice charges. See *Maram v. Universidad Interamericana de*

4

*Puerto Rico, Inc.*, 722 F.2d 953, 958-59 (1st Cir. 1983).

Furthermore, the district court is not called upon to resolve contested factual issues or the credibility of witnesses; this function is reserved exclusively for the Board in the underlying administrative proceeding. See *NLRB v. Electro-Voice, Inc.*, 83 F.3d 1559, 1570 (7th Cir. 1996); *Maram v. Universidad Interamericana de Puerto Rico, Inc.*, 722 F.2d at 958-959; *Balicer v. I.L.A.*, 364 F. Supp. 205, 225-226 (D.N.J. 1973), affd. per curiam 491 F.2d 748 (3d Cir. 1973). Indeed, it is well settled that in these preliminary proceedings, the courts should give the Regional Director's version of the disputed facts "the benefit of the doubt" and accept the reasonable inferences she draws therefrom if they are, "within the range of rationality." See *Seeler v. The Trading Post, Inc.*, 517 F.2d 33, 36-37 (2d Cir. 1975); *Suburban Lines, Inc.*, 731 F.2d at 1084.

Accordingly, in light of the Regional Director's "relatively insubstantial burden of proof", it is not necessary for a district court to hold a full evidentiary hearing to enable it to conclude whether "reasonable cause" has been established. See *Eisenberg v. Holland Rantos Co., Inc.*, 583 F.2d 100, 102 (3d. Cir. 1978); *Eisenberg v. Hartz Mountain Corp.*, 519 F.2d 138, 140 (3d Cir. 1975); *Eisenberg v. Honeycomb Plastics Corp.*, 1987 WL 10908, at *1 (D.N.J. 1987); *Eisenberg v. Tubari, Ltd., Inc.*, 1985 WL 32832, at *1, 3 (D.N.J. July 8, 1985).

In view of the foregoing, the record of the already completed portions of the hearing before the ALJ, coupled with sworn affidavits completed during the administrative investigation, provide all the necessary evidence in support of the Petitioner's contention that there is reasonable cause to believe that Respondent violated the Act as alleged in the Petition. It is therefore proper for a District Court to confine its "reasonable cause" determination in Section 10(j) cases to evidence presented in the form of affidavits, or the transcript of a Board hearing before an administrative law judge. *See Eisenberg v. Holland Rantos Co., Inc.*, 583 F.2d at 102 (transcript and exhibits from the administrative hearing); *Eisenberg v. Hartz Mountain Corp.*, 519 F.2d at 140 (affidavits); *Eisenberg v. Honeycomb Plastics Corp.*, 1987 WL 10908, at \*1 (administrative record); *Eisenberg v. Tubari, Ltd., Inc.*, 1985 WL 32832, at \*1, 3 (administrative record); *Fuchs v. Hood Industries, Inc.*, 590 F.2d 395, 398 (1st Cir. 1979) (the use of an ALJ transcript "could be of considerable assistance in expediting the work of the [district] court."). Such procedure fully comports with the statutory priority that should be given to this proceeding under 28 U.S.C. Section 1657(a) and the original intent of Congress when enacting Section 10(j). *See Legislative History LMRA 1947*, 414, 433 (Government Printing Office 1985).

6

Respectfully submitted,

/s/ Joanna Pagones Ross
/s/ Robert E. Mulligan
_____

Joanna Pagones Ross
Robert E. Mulligan, Jr.
Attorneys for the Petitioner
National Labor Relations Board, Region 22
20 Washington Place, 5th Floor
Newark, New Jersey 07102
Joanna.Pagones@nlrb.gov
Robert.Mulligan@nlrb.gov
Telephone: (862) 229-7037
Telephone: (862) 229-7034
Fax: (973) 645-3852

Dated: September 22, 2022