Joanna Pagones Ross
Counsel for the Petitioner
National Labor Relations Board, Region 22
20 Washington Place, 5th Floor
Newark, New Jersey  07102
Telephone:  (862) 229-7037

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

---

| | |
|---|---|
| SUZANNE SULLIVAN, : | |
| Regional Director of Region 22 : | |
| of the National Labor Relations Board : | |
| For and on behalf of the : | |
| National Labor Relations Board, : | |
| : | |
| Petitioner, : | |
| : | |
| v. : | Civil No. 2:22-cv-05668 |
| : | |
| IBN CONSTRUCTION CORP., : | |
| : | |
| : | |
| : | |
| Respondent : | |

---

**PETITIONER'S MOTION TO EXTEND
ORDER GRANTING TEMPORARY INJUNCTION**

To the Honorable Kevin McNulty, United States District Judge:

Counsel for Petitioner, Suzanne Sullivan, the Regional Director of Region 22

of the National Labor Relations Board ("Board"), hereby respectfully moves this

honorable Court for and on behalf of the Board and submits as follows:

1.  On October 26, 2022, this Court issued an Order Granting Temporary Injunction ("Order") pending the final disposition of the proceeding before the Board in Case 22-CA-277455. ("Exhibit A").

2.  This Order is due to expire six (6) months from the date of its issuance and provides that an extension may be granted for an additional thirty (30) days if it appears that the decision of the Board's Administrative Law Judge is imminent.

3.  The administrative hearing in Board Case 22-CA-277455 was held before Administrative Law Judge Kenneth W. Chu ("ALJ Chu") on August 1-3, September 26-28, October 19-21, and November 16-17, 2022.

4.  In accordance with the Board's Rules and Regulations, matters that have procured temporary relief pursuant to Section 10(j) of the National Labor Relations Act are afforded expedited treatment and given priority by the Board over all other cases.

5.  During the administrative hearing on November 16, 2022, Counsel for the Petitioner informed ALJ Chu of this Court's Order.

6.  At the close of the administrative hearing on November 17, 2022, ALJ Chu set January 3, 2023 as the deadline for the filing of post-hearing briefs.

7.  Due to the length of the administrative hearing record, on December 5, 2022, Counsel for the Petitioner filed a request for an extension of time.

8.   On December 6, 2022, ALJ Chu issued an order granting the extension and setting January 17, 2023, as the deadline for the filing of post-hearing briefs. ("Exhibit B").

9.   On January 10, 2023, upon discovering that approximately eighty (80) pages of its witness' testimony had not been transcribed, Respondent IBN Construction Inc. ("Respondent") requested an extension of time until January 27, 2023 to file its post-hearing brief.  ("Exhibit C").

10.   On January 11, 2023, ALJ Chu issued an order granting Respondent's requested extension and setting January 27, 2023 as the deadline for the filing of post-hearing briefs. ("Exhibit D").

11.   On January 26, 2023, Respondent requested an extension of time to file post-hearing briefs to January 31, 2023. ("Exhibit E").

12.   On January 27, 2023, ALJ Chu issued an order granting Respondent's extension of time request and setting January 31, 2023 as the deadline for the filing of post-hearing briefs. ("Exhibit F").

13.   Post-hearing briefs were filed by the parties on January 31, 2023.

14.   On February 22, 2023, Counsel for the Petitioner reminded ALJ Chu of this Court's Order and of the necessity for expedited treatment of Board Case 22-CA-277455. ("Exhibit G").

15. Counsel for Petitioner notes that the complexity of issues addressed during the eleven (11) day Board litigation necessitates the ALJ's careful consideration of the administrative hearing transcript and the parties' post-hearing briefs.

16. Absent a limited thirty (30) day extension of the Order, the expiration of the injunctive relief your Honor has ordered will cause a final Board order in due course to be meaningless and the resultant harm done to employees' statutory rights will be irreparable. This is precisely the result Section 10(j) was enacted to prevent.

17. It is, therefore, respectfully requested that consistent with *Eisenberg v. Hartz Mountain Corporation*, 519 F.2d 138, 144 (3d Cir. 1975), *reaffirmed in Eisenberg v. Holland Rantos Co., Inc.,* 583 F.2d 100, 103-04 (3d Cir. 1978), the Order be extended to May 26, 2023, an additional thirty (30) days from the date of its expiration, pending ALJ Chu's decision.

Respectfully submitted on March 31, 2023.

/s/ Joanna Pagones Ross
Joanna Pagones Ross
Counsel for Petitioner

# EXHIBIT A

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SUZANNE SULLIVAN, | : | |
| Regional Director of Region 22 | : | |
| of the National Labor Relations Board | : | |
| For and on behalf of the | : | |
| National Labor Relations Board, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | Civil No. 22-05668 |
| | : | |
| IBN CONSTRUCTION CORP., | : | |
| | : | |
| | : | |
| | : | |
| Respondent | : | |
| | : | |

## <u>ORDER GRANTING TEMPORARY INJUNCTION</u>

This case was heard by the District Court Judge on the verified Petition of

Suzanne Sullivan, Regional Director of Region 22 of the National Labor Relations

Board (the Board), for and on behalf of the Board, for a temporary injunction

pursuant to Section 10(j) of the National Labor Relations Act (the Act), as amended,

29 U.S.C. §160(j), pending final disposition of the matters now before the Board in

Case 22-CA-277455, and upon the issuance of an order to show cause why

injunctive relief should not be granted as prayed in said Petition.

The Court, upon consideration of the pleadings, evidence, memoranda,

argument of counsel and the entire record in the case, has found and concluded that

there is reasonable cause to believe that Respondent IBN Construction Corp., has engaged in and is engaging in acts and conduct in violation of Sections 8(a)(1) and (3) of the Act, and that the requested temporary injunctive relief pursuant to Section 10(j) of the Act is just and proper in this case.

Now, therefore, upon the entire record, the petition (DE 1) is GRANTED and the motion for consideration of the administrative record (DE 3) is GRANTED, and it is ORDERED that pending the final disposition of the proceeding before the National Labor Relations Board, Respondent, its officers, agents, servants, employees and attorneys and all persons acting in concert or participation with it shall be and are hereby:

1.     ENJOINED AND RESTRAINED, in any manner or by any means from:

a.     Threatening employees with discharge, decreased pay, unspecified reprisals because of their assumed immigration status and with lawsuits, to discourage employees from supporting the Union;

b.     Creating the impression of surveillance to discourage employees from supporting the Union;

c.     Engaging in surveillance of its employees' protected union activities by interfering with the National Labor Relations Board's representation election;

d.     Informing employees of the futility of selecting the Union as their bargaining

representative;

e.     Interrogating its employees about their Union sympathies;

f.     Implicitly promising raises to discourage employees from supporting the Union;

g.     Decreasing work hours because of employee support for the Union;

h.     Altering job assignments because of employee support for the Union;

i.     Discharging or otherwise discriminating against employees because they engage in union activity; and

j.     In any other manner, unlawfully interfering with, restraining, or coercing its employees asserting their rights under Section 7 of the Act.

2.     Take the following affirmative action necessary to effectuate the policies of the Act and to restore the *status quo ante*:

a.     Within five (5) days of the date of issuance of this Order, recognize the Union as the exclusive collective bargaining agent of its bargaining unit employees;

b.     Upon request by the Union, engage in good faith bargaining with the Union over the terms and conditions of employment of its bargaining unit employees;

c.     Should the parties reach agreement on the terms of a collective bargaining agreement for the bargaining unit employees, reduce that agreement to writing and execute the agreement;

d.     Within five (5) days of the issuance of this Order, restore all terms and

conditions of employment of its employees which existed prior to April 1, 2021.

e.    Within fourteen (14) days of the Court's issuance of the Injunction Order,
hold one or more mandatory bargaining unit employee meetings, on working time
and at times when the Respondent customarily holds bargaining unit employee
meetings, and scheduled to ensure the widest possible employee attendance, albeit
with proper social distancing measures due to the COVID-19 pandemic, at which
the Injunction Order will be read to the bargaining unit employees by a responsible
Respondent official in the presence of a Board agent or, at the Respondent's option,
by a Board agent in the presence of a responsible Respondent official; (ii) announce
the meeting(s) for the order reading in the same manner it would customarily
announce a meeting of employees; and (iii) require that all employees of the unit
attend the meeting(s).

f.    Provide the Union with notice of, and equal time and access to Respondent's
worksites in New Jersey, to respond to any Respondent meetings with employees
about union representation;

g.    Within five (5) days of issuance of this Order, post copies of this Injunction
Order at the Respondent's worksites in New Jersey, as well as translations of such
an Order in other languages as necessary to ensure effective communication to the
Respondent's employees as determined by the Board's Regional Director for Region
22, said translations to be provided by the Respondent at the Respondent's expense

and approved by the Regional Director, in all places where notices to its employees are normally posted; maintain these postings during the pendency of the Board's administrative proceedings free from all obstructions and defacements, and mail copies of the same to all unit employees; grant all employees free and unrestricted access to said postings; and grant to agents of the Board reasonable access to its worksites to monitor compliance with this posting requirement;

h.    Within twenty (20) days of the issuance of this Court's decision and Injunction Order, file with the Court, with a copy to the Regional Director of Region 22 of the Board, a sworn affidavit from a responsible Respondent official setting forth with specificity the manner in which the Respondent has complied with the terms of the Court's decree, including how, where and when the Court's documents have been posted, and the date(s), time(s) and location(s) of when and where, the Order was read to employees and by whom, as required by the Court's Order.

This Order shall expire six months from the date of its issuance; provided however, that the Petitioner may, upon motion, request a thirty day extension of this Order if it appears that the decision of the National Labor Relations Board's Administrative Law Judge in the underlying unfair labor practice complaint in Case 22-CA-277455 is imminent; provided further, that after the issuance of said decision of the Administrative Law Judge, upon motion of the Petitioner, this Order may be extended, pending the National Labor Relations Board's final decision, for an

additional period not to exceed six months from the date of the Administrative Law Judge's decision; provided further, that the Petitioner may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the National Labor Relations Board on the underlying unfair labor practice complaint is imminent.

IT IS FURTHER ORDERED that service of a copy of this order, shall be forthwith made upon Respondent by an agent of the Board in any manner provided in the Federal Rules of Civil Procedure for the United States District Courts or by certified mail and that proof of such service be filed herein.

Done at Newark, New Jersey this 26th day of October 2022.


_____/s/ Kevin McNulty_____
United States District Judge
District of New Jersey

# EXHIBIT B

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES NEW YORK OFFICE

IBN CONSTRUCTION CORP.

      and                                         Case No. 22-CA-277455

NEW JERSEY BUILDING LABORERS
DISTRICT COUNCIL

ORDER GRANTING EXTENSION OF TIME

The request by the counsel for the General Counsel for an extension of time to file post-hearing briefs from January 3 to January 17, 2023 is granted.  There are no known opposition to this request.  All parties have until COB January 17, 2023 to file post-hearing briefs.

/s/ *Kenneth W. Chu*

_____
Kenneth W. Chu
Associate Chief Administrative Law Judge

Date:  December 6, 2022
      New York, New York

EXHIBIT C

| | |
|---|---|
| **From:** | Solomon, David I. (Berkeley Heights) |
| **To:** | Chu, Kenneth W. |
| **Cc:** | Vreeland, John R. (Berkeley Heights); Pagones Ross, Joanna; Mulligan, Robert E.; Raymond Heineman |
| **Subject:** | Second Extension Request: IBN Construction 22-CA-277455 |
| **Date:** | Tuesday, January 10, 2023 9:25:34 PM |
| **Attachments:** | image318894.png |
| | IBN 11162022.msg |

> **CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

Good evening Judge Chu,

Per the attached correspondence from Burke Court Reporting, it has come to the Parties' attention that at least one of the transcripts provided is missing a substantial amount of testimony.

Accordingly, to ensure a complete transcript is received and reviewed, we respectfully request an additional one week extension to file post-hearing briefs in this matter with the consent of all parties.

Respectfully,



**David I. Solomon**
Attorney at Law

**Jackson Lewis P.C.**
200 Connell Drive, Suite 2000
Berkeley Heights, NJ 07  22
Direct:   0   7 5-2  24  Main:   0 -7  5-5200  Mobile:   73    07-6  11
David.Solomon   Jacksonlewis.com   www. acksonlewis.com

EXHIBIT D

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES NEW YORK OFFICE

IBN CONSTRUCTION CORP.

      and                                      Case No. 22-CA-277455

NEW JERSEY BUILDING LABORERS
DISTRICT COUNCIL

ORDER GRANTING EXTENSION OF TIME

      I have granted a 10 day extension to file post-hearing briefs due to missing hearing transcript pages from January 17 to January 27, 2023.  All parties have until COB January 27, 2023 to file post-hearing briefs.

/s/ *Kenneth W. Chu*

_____
Kenneth W. Chu
Associate Chief Administrative Law Judge

Date:  January 11, 2023
        New York, New York

EXHIBIT E

| From: | Vreeland, John R. (Berkeley Heights) |
|---|---|
| To: | Chu, Kenneth W. |
| Cc: | Pagones Ross, Joanna; Mulligan, Robert E.; Raymond Heineman; Kaufman, Julie; Silverstein, Michael P.; Solomon, David I. (Berkeley Heights) |
| Subject: | RE: Second Extension Request: IBN Construction 22-CA-277455 |
| Date: | Thursday, January 26, 2023 5:59:02 PM |
| Attachments: | image001.png |
| | image352557.png |

---

**CAUTION:** The sender of this message is external to the NLRB network. Please use care when clicking on links and responding with sensitive information. Forward suspicious emails to nlrbirc@nlrb.gov.

---

Dear Judge Chu: I am requesting an extension of tomorrow's filing deadline for post-hearing briefs until next Tuesday, January 31.

I reached out to Ms. Pagones Ross and the General Counsel does not oppose my request.

We will efile a formal request later this evening or tomorrow morning.

Thank you for considering this request.




John R. Vreeland
**Attorney at Law**

**Jackson Lewis P.C.**
200 Connell Drive
Suite 2000
Berkeley Heights, NJ 07  22
Direct:   0   7 5-2 26  Main:   0   7 5-5200  Mobile:   62 754- 450
John.Vreeland   acksonlewis.com   www. acksonlewis.com

EXHIBIT F

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
DIVISION OF JUDGES NEW YORK OFFICE


IBN CONSTRUCTION CORP.

     and                                   Case No. 22-CA-277455

NEW JERSEY BUILDING LABORERS
DISTRICT COUNCIL

ORDER GRANTING EXTENSION OF TIME

At the request of counsel for the Respondent and unopposed by the General Counsel, I have granted an extension to file post-hearing briefs until January 31, 2023. All parties have until COB January 31, 2023 to file post-hearing briefs.


/s/ *Kenneth W. Chu*
_____
Kenneth W. Chu
Associate Chief Administrative Law Judge


Date:  January 27, 2023
       New York, New York

EXHIBIT G

UNITED STATES GOVERNMENT
**NATIONAL LABOR RELATIONS BOARD**
REGION 22
20 WASHINGTON PL                                    Agency Website: www.nlrb.gov
FL 5                                                Telephone:   73  45-2100
NEWARK, NJ 07102-3127                               Fax:   73  45-3 52

February 22, 2023

**VIA ELECTRONIC FILING AND E-MAIL**

The Honorable Kenneth Chu
Associate Chief Judge
National Labor Relations Board, Division of Judges
26 Federal Plaza, 41st Floor, Suite 41-120
New York, NY 10278

       Re:  IBN Construction Corp.
          Case 22-CA-277455

Dear Judge Chu:

   As you know, on October 26, 2022, the Region received an Order from the United States District Court, District Court of New Jersey, granting Section 10(j) injunctive relief in the above-referenced matter. The Order specifically states:

> This Order shall expire six months from the date of its issuance; underlined provided however, that the Petitioner may, upon motion, request a thirty day extension of this Order if it appears that the decision of the National Labor Relations Board's Administrative Law Judge in the underlying unfair labor practice complaint in Case 22-CA-277455 is imminent; provided further, that after the issuance of said decision of the Administrative Law Judge, upon motion of the Petitioner, this Order may be extended, pending the National Labor Relations Board's final decision, for an additional period not to exceed six months from the date of the Administrative Law Judge's decision; provided further, that the Petitioner may, upon motion, request an additional thirty day extension of this Order, if it appears that the final decision of the National Labor Relations Board on the underlying unfair labor practice complaint is imminent.

Pursuant to Section 102.94(a) of the Board's Rules and Regulations, Counsel for the General Counsel respectfully requests that Your Honor give expedited treatment to this matter.

        Sincerely,

        /s/ Joanna Pagones Ross

        _____

        Joanna Pagones Ross
        Counsel for the General Counsel

Cc:    Robert Mulligan (robert.mulligan@nlrb.gov)
       David I. Solomon (david.solomon@jacksonlewis.com)
       John Vreeland (john.vreeland@jacksonlewis.com)
       Raymond G. Heineman (rheineman@krollfirm.com)