

UNITED STATES GOVERNMENT
## NATIONAL LABOR RELATIONS BOARD
REGION 22
20 WASHINGTON PL
FL 5
NEWARK, NJ 07102-3127

Agency Website: www.nlrb.gov
Telephone: (973)645-2100
Fax: (973)645-3852

June 16, 2022

**<u>Via ECF-Filing</u>**
Honorable Michael E. Farbiarz
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

Re:     National Labor Relations Board v. IBN
Construction Corp.
Civil No. 2:22-cv-05668

Dear Judge Farbiarz:

On October 26, 2022, the Court granted the National Labor Relations Board's Petition for Temporary Injunctive Relief filed pursuant to Section 10(j) of the National Labor Relations Act, as amended, 29 U.S.C. Section 160(j) (the "Act"). By statute the injunction was intended to last only until the final decision and order of the Board in the administrative proceeding. See *Pascarell v. Vibra Screw, Inc.*, 904 F.2d 874, 876 (3d Cir. 1990) (courts issue §10(j) injunctions only to preserve the status quo pending disposition by the Board of the underlying unfair labor practice claim).

On May 17, 2023, the Board issued its final administrative decision and order in underlying NLRB case 22-CA-277455 (Exhibit 1). Under the Act, the Court's injunctive order terminated by operation of law on May 17, 2023.  See *Lightner ex rel. NLRB v. 1621 Route 22 W. Operating Co., LLC*, 729 F.3d 235, 238 (3d Cir. 2013) (once the Board issues its decision and order on the merits of the complaint the district court's order granting temporary relief is mooted). *Barbour v. Central Cartage, Inc.*, 583 F.2d 335 (7th Cir. 1978); *Johansen v. Queen Mary Restaurant Corp.*, 522 F.2d 6 (9th Cir. 1975); *Levine v. Fry Foods, Inc.*¸ 596 F.2d 719 (6th Cir. 1979); *D'Amico v. Lee's Contracting Services, Inc.*, 141 LRRM 2851, 2853, n.1, 1991 WL 472878 (E.D. Va. 1991) (Section 10(j)).  Cf. *Sears, Roebuck & Co. v. Carpet Layers Union*, 397 U.S. 655 (1970) (Section 10(l)).

Further, the parties bargained in good faith and reached an agreement with respect to the employees' terms and conditions of employment, which the parties embodied in a signed collective-bargaining agreement.

In view of the termination of the Court's injunction and the parties' signed collective-bargaining agreement, the Board respectfully suggests that the Court can now close this matter on its records.

Respectfully,

/s/ Joanna Pagones Ross

Joanna Pagones Ross
Counsel for the Petitioner
Direct Dial: (862) 229-7037

Attachments

cc:
John R. Vreeland, Esq.